1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC ROLLFORMING, LLC, | Civil No. 07cv1897-L(JMA) |
| Plaintiff, | **ORDER (1) TERMINATING TEMPORARY RESTRAINING ORDER; (2) EXONERATING TEMPORARY RESTRAINING ORDER BOND; (3) GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION; AND (4) SETTING PRELIMINARY INJUNCTION BOND** |
| v. | |
| TRAKLOC INTERNATIONAL, LLC, *et al.* | |
| Defendants. | |

This matter came on for a preliminary injunction hearing on November 20, 2007. Frederick C. Phillips, Esq. appeared on behalf of Plaintiff Pacific Rollforming, LLC dba Trakloc Pacific ("Pacific") and Lawrence H. Davidson, Esq. appeared on behalf of Defendants Trakloc North America, LLC ("TLNA") and David Jablow.

Pacific filed a complaint for breach of contract, fraud, breach of implied covenant of good faith and fair dealing, defamation, interference with prospective business advantage and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* The dispute arises primarily out of a Master Area License Agreement ("License Agreement") whereby Defendant Trakloc International, LLC ("TLI") granted Pacific a license to manufacture and market a certain proprietary drywall and stud framing system ("Trakloc").

TLNA, allegedly TLI's successor-in-interest, issued a notice of termination of Pacific's License Agreement and, together with Defendants Bert Tabor, Thomas Horst, Southeastern Metals, Inc., and its President Gary Nelson, Jr. interfered with Pacific's business in Nevada.

Pursuant to 28 U.S.C. § 1331, the court has subject matter jurisdiction over the action because it arises under RICO, a federal statute.  The court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

On October 30, 2007, prompted by the alleged interference, Pacific filed an ex parte motion for a temporary restraining order, motion for a preliminary injunction and a request for an order shortening time.  On November 7, 2007, the court granted a temporary restraining order and set the matter for a preliminary injunction hearing.  At the hearing, the parties stipulated to the terms of a preliminary injunction,[1] but disputed the appropriate amount of the bond.

The temporary restraining order was conditioned on Pacific posting a bond in the amount of $25,000.  TLNA urges that $25,000 is too low for a preliminary injunction, and requests a bond in an amount sufficient to "protect the accrued royalties due [in the amount of $1,686,444] and the reasonably expected future revenue stream."  (Decl. of David Jablow, filed Nov. 15, 2007, ¶ 5.)  Pacific argues the initially imposed $25,000 bond is sufficient.

Federal Rule of Civil Procedure 65(c) provides that no preliminary injunction "shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."  "Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*."  *Jorgensen v. Cassidy*, 320 F.3d 906, 917 (9th Cir. 2003) (emphasis in original, internal quotation marks and citation omitted). Accordingly, district courts have wide discretion in setting the amount of the bond.  *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 733 (9th Cir. 1999).  The bond amount may be set at zero if there is no evidence the party will suffer damages from the injunction.  *Gorbach v. Reno*, 219

---

[1] As noted at the hearing, it appears the parties are willing to cooperate in resolving their disputes.  The court urges them to contact the chambers of Magistrate Judge Jan M. Adler to schedule a settlement conference.

07cv1897

F.3d 1087, 1092 (9th Cir. 2000).  The burden is on the party affected by the injunction to present evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.  *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003).  In determining the amount of the bond, the court may also consider the applicant's resources and likelihood of success on the merits.  The court should not impose a bond in an amount so high that it "would risk denying . . . access to judicial review."  *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d, 1199, 1211 (9th Cir. 2000).  In addition, a strong likelihood of success on the merits may favor "a minimal bond or no bond at all."  *See California v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985).

TLNA argues the amount of the bond should be based on over $1.6 million in royalty payments Pacific allegedly currently owes.  This would be inappropriate because the bond is intended to cover injury suffered as a consequence of the injunction.  *See Matek v. Murat*, 862 F.2d 720, 733 (9th Cir. 1988) ("An improperly enjoined party . . . must demonstrate injury as a consequence of the injunction."), *abrogated on other grounds, Holden v. Hagopian*, 978 F.2d 1115 (9th Cir. 1992).  The currently owing royalties could not have been incurred as a result of the preliminary injunction.

TLNA also argues the bond should cover the reasonably expected future revenue stream.  Although TLNA does not propose any specific amount in this regard, the parties' filings and TLNA's argument demonstrate that determining the amount of a future revenue stream from Trakloc sales to Pacific's customers would be inherently speculative, in particular due to customer service problems and Defendants' past interference with Pacific's sale and marketing efforts.

On the other hand, Pacific maintains it is financially unable to post a sizeable bond.  Posting a $25,000 bond itself was a financial challenge requiring a cash deposit with the bonding company.  TLNA's suggestion that Pacific could finance the bond based on certain outstanding options to purchase an ownership interest in Pacific does not alleviate the situation.  Whether and when any such options may be exercised, it is uncertain that they will have a sufficient

07cv1897

1   impact on Pacific's financial condition in the short term so as to enable it to post a bond in an

2   amount higher than $25,000.  To require Pacific to post a sizeable bond at this time may risk

3   denying it access to preliminary injunctive relief.  *See GoTo.com*, 202 F.3d at 1211.

4       Last, in setting the amount of the bond, the court may consider the moving party's

5   likelihood of success on the merits.  *See Tahoe Regional Planning Agency*, 766 F.2d at 1326.

6   This is consistent with the principle that to execute on the bond, the party affected by the

7   injunction must show, among other things, that the injunction was improperly granted.  *See*

8   *Matek*, 862 F.2d at 733.  The restraining order was based on a finding of a strong likelihood of

9   success on the merits.  This finding is strengthened by TLNA's admissions at the hearing and its

10  stipulation to a preliminary injunction.  Accordingly, the probability that TLNA would suffer

11  damages caused by an improperly granted preliminary injunction is low.  The court therefore

12  finds a $25,000 bond is proper.

13      For the foregoing reasons, Pacific's motion for a preliminary injunction is **GRANTED** as

14  stipulated by the parties at the hearing:

15      1.  Trakloc North America,  LLC and its officers and agents are prohibited from

16  restricting shipment of the slotted TSE part from Trakloc North America's licensee Trakloc Mid-

17  America to Pacific Rollforming, LLC dba Trakloc Pacific; and

18      2.  Trakloc North America, LLC and its officers and agents, Southeastern Metals, Inc.,

19  Gary Nelson, Jr., Bert Tabor and Thomas Horst are prohibited from (1) claiming that they, or

20  any of them, are the authorized licensees for the Trakloc system in Nevada; (2) claiming that

21  Trakloc Pacific is not the lawful licensee; and (3) contacting Trakloc Pacific's existing

22  customers and prospective customers for the purpose of soliciting business or otherwise

23  interfering with Trakloc Pacific's existing or prospective contracts.  It shall not be deemed a

24  violation of this order for Trakloc North America, LLC to respond to written inquiries from

25  customers and prospective customers in Trakloc Pacific's Territory so long as those inquiries

26  and responses are shared with Trakloc Pacific.

27      This preliminary injunction is conditioned on Pacific posting a bond in the amount of

28  $25,000.

4

1      The temporary restraining order issued on November 7, 2007 is **TERMINATED**, and the

2  bond posted pursuant to that order is **EXONERATED**.

3      **IT IS SO ORDERED**.

4

5  DATED:  November 21, 2007

6                                                    M. James Lorenz
                                                     United States District Court Judge
7  COPY TO:

8
   HON. JAN M. ADLER
9  UNITED STATES MAGISTRATE JUDGE

10  ALL PARTIES/COUNSEL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv1897