UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PACIFIC ROLLFORMING, LLC,

Plaintiff,

v.

TRAKLOC INTERNATIONAL, LLC, *et al.*

Defendants.

Civil No. 07cv1897-L(JMA)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

In this action arising out of a business dispute, Plaintiff Pacific Rollforming, LLC ("Pacific") filed a complaint for breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, defamation, interference with prospective business advantage and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. The dispute arises primarily out of a Master Area License Agreement ("License Agreement") whereby Defendant Trakloc International, LLC ("TLI") granted Pacific a license to manufacture and market a certain proprietary drywall and stud framing system ("Trakloc"). TLNA, allegedly TLI's successor-in-interest, issued a notice of termination of Pacific's License Agreement and, together with Defendants Bert Tabor, Thomas Horst, Southeastern Metals, Inc., and its President Gary Nelson, Jr. allegedly interfered with Pacific's business in Nevada.

Defendants[1] filed a motion to dismiss. They argue that Pacific failed to alleged sufficient facts to state a claim under Federal Rule of Civil Procedure 12(b)(6) as to the fraud, defamation, interference with contract/prospective business advantage and RICO causes of action. In addition, they argue under Rule 12(b)(2) that the court lacks personal jurisdiction over Defendants Gary Nelson and Thomas Horst. Pacific opposed the motion. For the reasons which follow, Defendants' motion to dismiss is **GRANTED IN THE PART AND DENIED IN PART**.

Defendants attack personal jurisdiction over Messrs. Horst and Nelson under Rule 12(b)(2). The plaintiff has the burden of establishing personal jurisdiction. *See Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). In ruling on the motion, the "court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Where a motion is based on written materials rather than an evidentiary hearing

> the plaintiff need only make a *prima facie* showing of jurisdictional facts. In such cases, we only inquire into whether [the plaintiff]'s pleadings and affidavits make a *prima facie* showing of personal jurisdiction. Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002)(citations and quotation marks omitted). A *prima facie* showing means that "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Unocal*, 248 F.3d at 922.

There are two types of personal jurisdiction: general and specific. General jurisdiction "enables a court to hear cases unrelated to the defendant's forum activities . . .." *Fields v. Sedgewick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). Specific jurisdiction allows the court to exercise jurisdiction over a defendant whose forum-related activities gave rise to the

/ / / / /

/ / / / /

---

[1] Although Defendant Bert Tabor participated in the motion to dismiss, he has since been dismissed from this action. (*See* May 27, 2008 Order Granting Joint Motion to Dismiss.)

action before the court. *See Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Pacific claims that the court has specific jurisdiction.[2]

Specific jurisdiction is established by showing three elements: (1) the out-of-state defendant purposefully directed its activities toward a resident of the forum state; (2) the cause of action arose out of or resulted from the defendant's forum-related action; and (3) the forum's exercise of personal jurisdiction is reasonable. *Myers v. The Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001).

The purposeful availment element "can be met if a defendant's intentional act in the foreign state was calculated to cause injury to the plaintiff in the forum state." *Myers*, 238 F.3d at 1072, quoting *Calder v. Jones*, 465 U.S. 783, 791 (1984)(internal alterations and quotation marks omitted). This occurs when "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft*, 223 F.3d at 1087. Pacific argues that “Defendants conspired with and acted in concert with JABLOW and TLNA to make false and defamatory claims against Plaintiff and to otherwise take acts to put it out of business. Those acts were clearly designed to have an effect on an entity [Pacific] whose principal place of business is in California . . ..” (Opp’n at 9-10.) Pacific does not allege or argue that Messrs. Horst and Nelson knew Pacific had its principal place of business in California or that the harm they are allegedly causing would be felt in California. The allegedly wrongful conduct took place in Las Vegas, Nevada (*id*. at 10) and was aimed at Pacific’s business in Nevada (*see* Order Granting Pl.’s Ex Parte Application for a TRO, filed Nov. 7, 2007.) Accordingly, Pacific has not made a *prima facie* case for personal jurisdiction over Messrs. Horst and Nelson.

Next, Defendants attack the complaint under Rule 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal

---

[2] Pacific’s forum selection clause argument is rejected because Pacific has not presented any evidence of a contract between Pacific on one side and Mr. Horst or Nelson on the other. As a contractual provision, without more, it cannot be found to apply to a non-party. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 11 (1972).

theory. *Robertson v. Dean Witter Reynolds, Inc.*,749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. "[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998.)

Defendants contend Pacific does not allege fraud with sufficient specificity. They argue that Pacific fails to link Defendants David Jablow, Southeastern Metals, Inc., Gary Nelson, Bert Tabor and Thomas Horst to the alleged misrepresentations and non-disclosures. But defendants' argument concerning specificity is rejected because fraud is not asserted against any of these Defendants. (*See* First Am. Compl. at 5-6.)

Defendants next argue that the complaint does not sufficiently allege conspiracy in connection with the fraud claim. However, Plaintiff does not allege a conspiracy in connection with this claim. (*See id.*) Accordingly, defendants' argument about the sufficiency of conspiracy allegation vis-a-vis fraud is rejected as well.

The complaint alleges that TLI failed to disclose certain material facts to Pacific in relation to the License Agreement. (*Id*. at 5-6.) Defendants argue Pacific should be compelled

to allege where the alleged misrepresentation occurred, who perpetrated the allegedly deceptive conduct, and how this conduct caused damage to Pacific.

"Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). To comply with rule 9(b), "the circumstances constituting fraud . . . shall be stated with particularity." "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). In this regard, it is sufficient to plead items such as the time, place and nature of the alleged fraudulent activities. *Id*.

Generally, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. *Id*. However, in this case, no individual Defendants are named.

> [T]he rule may be relaxed as to matters within the opposing party's knowledge. For example, in cases of corporate fraud, plaintiffs will not have personal knowledge of all the underlying facts. . . . Instances of corporate fraud may also make it difficult to attribute particular fraudulent conduct to each defendant as an individual. To overcome such difficulties in cases of corporate fraud, the allegations should include the misrepresentations themselves with particularity and, where possible, the roles of the individual defendants in the misrepresentations.

*Id*.

Pacific failed to sufficiently identify the individuals making the statements or failing to make disclosures by alleging, where possible, the role of the individuals in the misrepresentations or non-disclosures.

Pacific also alleges that Defendants TLNA and Pandora Select Partners, L.P. ("Pandora") are liable for these alleged material non-disclosures as TLI's successors-in-interest. (Compl. at 6.) Defendants argue that the complaint fails to explain the successor-in-interest liability or allege that TLNA and Pandora agreed to assume liability for TLI's tortious conduct.[3] While the

---

[3] In addition, Defendants suggest that Plaintiff's successor-in-interest allegations are insufficient to present a cognizable legal theory. *See Robertson*,749 F.2d at 534. To the extent they make this argument, it is supported solely by out-of-circuit precedent. Defendants do not explain why the court should follow the Seventh Circuit authority they cite. State substantive law applies to determine the elements of the state law claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

particularity pleading requirement applies to "the circumstances constituting fraud," it does not apply to reasonable reliance or other elements of fraud. *See* Fed. R. Civ. P. 9(b); William W. Schwarzer *et al., Fed. Civ. P. Before Trial* ¶8:44.1 (2007). Accordingly, the liberal requirements of Rule 8(a)(2) apply to the successor-in-interest allegations concerning Defendants TLNA and Pandora. Rule 8(a)(2) requires a short and plan statement of the claim for relief necessary to provide Defendants with fair notice so as to enable them to respond. The court finds that Plaintiff's allegations regarding its successor-in-interest theory (Comp. at 3) are pled with sufficient particularity to enable Defendants to respond.

Defendants next argue that Pacific fails to sufficiently allege defamation under California law. Under California law, the elements of defamation are "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." 5 B.E. Witkin, Summary of Cal. Law § 529 (10th ed. 2005).

Defendants first contend that Pacific should allege the when, where, who and how of the alleged defamatory statements. This rises to the level of specificity required by Rule 9(b); however, the standard of Rule 8(a)(2) applies here. Upon review of the allegations (Compl. at 8-9), the court finds that Plaintiff sufficiently alleged defamation against TLNA and Mr. Jablow to satisfy the liberal pleading requirement of Rule 8(a)(2).

As to the remaining Defendants, Pacific alleges only that they entered into a conspiracy to destroy Pacific's business by making defamatory statements. (Compl. at 8.) It does not allege how they were involved in the alleged defamation or conspiracy to defame. Accordingly, the complaint is not sufficiently specific regarding the remaining named Defendants to comply with Rule 8(a)(2).

Next, Defendants argue that it is impossible to tell from the allegations whether Pacific should be treated as a public figure for purposes of defamation so as to require pleading malice. This argument is moot, because Pacific alleges malice. (Compl. at 9.)

Last, Defendants assert that Pacific failed to allege special damages because it alleges no lost business, customers, distributors or product users. The loss of business is implicit in the allegations that the alleged defamatory statements were made for the purpose of destroying

Pacific's business, and that whether Pacific will be able to stay in business was uncertain. (*See id.* at 8-10.) Accordingly, Defendants' motion is denied in this regard.

With respect to the cause of action for interference with contract/prospective business advantage, Defendants argue that Pacific failed to identify any contracts or prospective business advantage, that Defendants were aware of them, that they committed any intentional acts which in fact interfered, or when or where the interference occurred.

The elements of intentional interference with prospective economic advantage are:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

*Youst v. Longo*, 43 Cal.3d 64, 71 n.6 (1987). In addition, the plaintiff must plead "that the defendant . . . engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 393 (1995); *see also* 5 Witkin, Summary of Cal. Law § 742. Upon review of the allegations, the court finds that the claim is sufficiently pled to comport with the requirements of Rule 8(a)(2). (*Id*. at 9-10.)

Last, Defendants maintain that Plaintiff failed to allege the RICO claim with sufficient particularity. Pacific does not specify under which of the four sections of 18 U.S.C. § 1962 it is proceeding, although subsections (c) and (d) appear to be what Pacific is aiming at. (*See* Compl. at 10-11.)

"To state a claim under § 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007), quoting *Sedima , S.P.R.L. v. Imprex Co.*, 473 U.S. 479, 496 (1985). Pacific does not come close to sufficiently alleging all of the elements. Racketeering activity is defined in 18 U.S.C. § 1961(1) as any in the long list of crimes. Pacific relies on wire and mail fraud. (Compl. at 10, 11.)

The elements of wire fraud are: "(1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the

scheme; and (3) specific intent to deceive or defraud." *Id*. at 554 (internal quotation marks and citations omitted). Rule 9(b)'s requirement of particularity applies to the factual circumstances of the fraud. *Id.* This requires allegations regarding the time, place and specific content of the allegedly false representations as well as the identities of the parties to the misrepresentation. *Id*. at 553 (internal quotation marks and citations omitted). Pacific's allegations lack the requisite specificity regarding times, places and the parties to the misrepresentations. (*See* Compl. at 10-11.) Further, Pacific's allegations lack the specificity required to show participation in the conduct of the enterprise's affairs through a pattern of racketeering.

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED**. All claims alleged against Messrs. Horst and Nelson are hereby **DISMISSED WITHOUT PREJUDICE**.

2. Defendants' motion to dismiss for failure to state a claim is **GRANTED** insofar as Pacific (a) in its fraud allegations failed to sufficiently identify the individuals making the statements or failing to make disclosures by alleging, where possible, the role of the individuals in the misrepresentations or non-disclosures; (b) in its defamation allegations failed to allege the role of Southeastern Metals[4] in the conspiracy to defame or the defamation; and (c) failed to sufficiently allege a RICO violation. In all other respects, the motion is **DENIED**.

3. Because it is apparent from the evidence previously filed in support of Pacific's motion for a temporary restraining order and preliminary injunction that Pacific may be able to remedy its pleading defects, Pacific is **GRANTED LEAVE TO AMEND**. Should Pacific choose to amend, the second amended complaint must be filed no later than twenty-one (21) calendar days after this order is stamped "Filed." Any response to the second amended complaint must be filed no later than ten (10) calendar days after service. If Pacific chooses to not amend the complaint, Defendants' answer to the remainder of the first amended complaint

/ / / / /

---

[4] Pacific also failed to sufficiently allege the role of Messrs. Horst and Tabor; however, this is moot because they have been dismissed.

must be filed no later than ten (10) calendar days after what would be the due date for the second amended complaint.

**IT IS SO ORDERED**.

DATED: September 8, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL