UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC ROLLFORMING, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRAKLOC INTERNATIONAL, LLC, *et* ) <br> *al.* ) <br> ) <br> Defendants. ) <br> ———————————————— ) <br> ) <br> AND RELATED COUNTERCLAIMS. ) <br> ———————————————— ) | Civil No. 07cv1897-L(JMA) <br><br> **ORDER GRANTING EX PARTE APPLICATION TO WITHDRAW AS COUNSEL AND VACATING EARLY NEUTRAL EVALUATION CONFERENCE** |

On October 10, 2008, counsel for Defendant and Counterclaimant Trakloc North America, LLC ("TLNA") and for Defendants David Jablow ("Jablow"), Southeast Metals, Inc. ("SEM"), Gary Nelson ("Nelson") and Thomas Horst ("Horst," collectively "Clients") filed an ex parte application to withdraw as counsel of record. Although Clients and Plaintiff were served with the application, they did respond. For the reasons which follow, the application to withdraw is **GRANTED**.

An attorney representing a client before a tribunal may not withdraw except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); Cal. R. Prof. Conduct 3-700(A)(1). This court requires counsel to "comply with the standards of professional conduct required of members of the State Bar of California, and decisions of any court applicable thereto." Civ. Loc. R. 83.4(b).

Counsel maintains withdrawal is necessitated by several issues.[1] TLNA and Jablow expressly requested counsel to be substituted out of the case. SEM, Nelson and Horst indicated that their interests may be in conflict with the TLNA and Jablow's interests. In addition to these circumstances, there has been a breakdown in the attorney-client relationship due to disagreements regarding the best way to proceed with Clients' case. Furthermore, the Clients have not paid for counsel's services. The counsel argues these circumstances have rendered continued representation unreasonably difficult.

Withdrawal is permissible under any one of these circumstances. *See* Cal. R. Prof. Conduct 3-700(C)(5) (client's agreement to terminate counsel); 3-700(C)(2) (likely violation of Rule 3-310(c)(2) regarding potential conflicts among clients); 3-700(C)(1)(e) (disagreement about how to proceed with the case); 3-700(C)(1)(f) (failure to pay fees) & 3-700(C)(1)(d) (unreasonably difficult for counsel to carry out his employment). Although the rules do not mandate withdrawal, they make it permissive.

An attorney may not withdraw until he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . .." Cal. R. Prof. Conduct 3-100(A)(2). Prior to requesting withdrawal, counsel prepared a substitution of counsel substituting in the counsel requested by TLNA and Jablow. Although they signed the substitution, they failed to secure the signatures of the remaining Clients and the attorney they wanted to substitute in. Accordingly, the substitution was never filed with this court. Subsequently, counsel informed Clients of his intent to file the instant application and of their need to retain new counsel, particularly with respect to the clients who are not individuals. *See* Civ. Local Rule 83.3(k); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-74 (9th Cir. 2004) (corporations and unincorporated associations). At the time of the filing of the application there were no hearings or due dates apparent from the court's docket necessitating

---

[1] Under the State Bar of California Rules of Professional Conduct, attorneys are bound to preserve client confidences when seeking withdrawal, if disclosing them would prejudice the client or violate the counsel's duty of confidentiality. *See* Cal. R. Prof. Conduct 3-700(A)(2). In light of these limitations, counsel often is not able to discuss in detail the reasons for withdrawal.

Clients' action. Accordingly, the counsel took sufficient steps to avoid reasonably foreseeable prejudice to Clients. Having reviewed the application and the supporting declaration of counsel the court finds good cause to grant the application.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defense counsel's *ex parte* application to withdraw as counsel of record is **GRANTED**. The Clerk of Court shall terminate Law Offices of Lawrence H. Davidson as counsel for Defendant and Counterclaimant Trakloc North America, LLC and for Defendants David Jablow, Southeast Metals, Inc., Gary Nelson and Thomas Horst.

2. The defense counsel shall serve a copy of this order on Clients by most expeditious means available.

3. Defendants Jablow, Nelson and Horst are hereby substituted *in propria persona*. No later than **November 5, 2008**, Messrs. Jablow, Nelson and Horst shall file either a notice of their respective addresses where they can be served, *see* Civ. L. Rule 83.11, or a notice identifying their respective attorneys, including attorney addresses and telephone numbers.

4. No later than **November 5, 2008**, Defendant and Counterclaimant Trakloc North America, LLC and Defendant Southeast Metals, Inc. shall file a notice identifying their respective attorneys, including attorney addresses and telephone numbers. *See* Civ. L. Rule 83.3(k); *D-Beam Ltd. P'ship,* 366 F.3d at 973-74.

5. Default may be entered and/or counterclaims dismissed with respect to the parties who fail to comply with this order.

6. The early neutral evaluation conference currently set on the calendar of Magistrate Judge Jan M. Adler for November 21, 2008 is hereby **VACATED** and shall be reset by the Magistrate Court as appropriate upon consideration of this order.

**IT IS SO ORDERED**.

DATED: October 21, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL