1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PACIFIC ROLLFORMING, LLC, | ) | Civil No. 07cv1897-L(JMA) |
| Plaintiff, | ) | **ORDER RE: ORDER TO SHOW** |
| v. | ) | **CAUSE** |
| TRAKLOC INTERNATIONAL, LLC, *et al.* | ) | |
| Defendants. | ) | |
| AND RELATED COUNTERCLAIMS. | ) | |

On October 21, 2008, the court granted the defense counsel's leave to withdraw, and ordered Defendants Trakloc North America, LLC ("TLNA"), David Jablow ("Jablow"), Southeast Metals, Inc. ("SEM"), Gary Nelson ("Nelson") and Thomas Horst ("Horst") to inform the court of their address for service if they remained in the case *in propria persona* or of their new counsel's contact information.  Because only Mr. Horst timely responded, on November 24, 2008 the court issued an Order to Show cause why default should not be entered against the non-responsive parties and why Defendant and Counterclaimant TLNA's counterclaim should not be dismissed.

On December 9, 2008, a counsel responded to the order to show cause on behalf of Mr. Jablow and TLNA.  Based on the facts provided in the response, the court finds that the delay in compliance with the October 21, 2008 order was caused by mistake and excusable neglect. Accordingly, the order to show cause is exonerated as to TLNA and Mr. Jablow.

07cv1897

On December 12, 2008, the court received an affidavit from Mr. Nelson, President of SEM. The court considers the affidavit in the interests of justice, although it lacked a proof of service in violation of Rule 5 of Federal Rules of Civil Procedure and Civil Local Rule 5.2 of this district. Mr. Nelson is not represented by counsel, however, he is hereby admonished that he is nevertheless bound by the Federal Rules of Civil Procedure and Local Rules of this district. Civ. Loc. R. 83.11(a). Accordingly, any of his future filings must comply with all applicable Federal Rules of Civil Procedure and Local Rules.

Mr. Nelson asserted he did not receive the October 21 order until December 4, 2008. It appears that the October 21 order was served at a different address than that currently provided by Mr. Nelson. However, once he received the order on December 4, Mr. Nelson did not comply with it because he believed that, as before, the counsel retained by TLNA and Mr. Jablow would represent SEM and him as well. This understanding was unreasonable because, as stated in the October 21 order, one of the reasons for granting the defense counsel's motion for leave to withdraw was the conflict among his clients. The court finds that Mr. Nelson's failure initially to timely respond to the October 21, 2008 order was due to mistake and inadvertence, and that the subsequent delay in responding was due to mistake.

Accordingly, Mr. Nelson shall be substituted *in propria persona* until a counsel makes an appearance on his behalf. The order to show cause is exonerated as to him.

The order to show cause cannot be exonerated as to SEM, however. As a corporation, SEM cannot be represented by Mr. Nelson and can only appear in court though counsel. *See* Civ. Local Rule 83.3(k); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-74 (9th Cir. 2004). In the interests of justice and for the reasons stated with respect to Mr. Nelson, the due date for SEM to comply with the order to show cause is extended to January 30, 2009.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. The November 24, 2008 Order to Show cause is exonerated as to Defendant and Counterclaimant TLNA, and as to Defendants Jablow and Nelson.

2. The Clerk shall substitute Mr. Nelson *in propria persona* with the service address as stated in his affidavit received December 12, 2008.

07cv1897

3.  The November 24, 2008 Order to Show Cause is not exonerated as to Defendant SEM.

4.  The due date for SEM's compliance with the November 24, 2008 Order to Show Cause is extended until January 30, 2009.  No later than **January 30, 2009**, SEM, though counsel, shall show cause why its answer should not be stricken and a default entered against it for failure to comply with the October 21, 2008 order and the applicable Civil Local Rules. Failure to timely comply with this order shall result in the striking of SEM's answer and entry of default against SEM.

5.  The Clerk shall serve this order, as well as the October 21 and November 24, 2008 orders, on Mr. Nelson on behalf of SEM.

**IT IS SO ORDERED**.

DATED:  December 17, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

GARY NELSON, PRESIDENT
SOUTHEASTERN METAL, INC.
117 N. COUNTRY CLUB DRIVE
HENDERSONVILLE, TN 37075

07cv1897