UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC ROLLFORMING, LLC *et al.*, | Civil No. 07cv1897-L(JMA) |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISSOLVE PRELIMINARY INJUNCTION AND EXONERATE BOND** |
| v. | |
| TRAKLOC NORTH AMERICA, LLC, *et al.*, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

On November 21, 2007 the court issued a preliminary injunction prohibiting Defendants Trakloc North America LLC ("TLNA"), its officers, including David Jablow ("Jablow"), and other Defendants from taking acts which interfered with Plaintiff Pacific Rollforming, LLC's ("Pacific") business. The preliminary injunction required a $25,000 bond. Pacific obtained the bond by making a $25,000 cash deposit as collateral. Before the court is Pacific's motion to dissolve the preliminary injunction because it has ceased operations and seeks exoneration of the bond to obtain release of the cash security. TLNA and Jablow ("Defendants") oppose the motion but only to the extent it requests bond exoneration. For the reasons which follow, Plaintiff's motion is **GRANTED**.

Defendants agree that Pacific no longer conducts the business which the preliminary injunction was intended to protect and that the injunction is no longer needed. The court has

authority to modify its orders prior to final judgment. Fed. R. Civ. P. 54(b) ("any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The court construes Pacific's motion as a motion pursuant to Federal Rule of Civil Procedure 60(b), seeking relief from a prior order. The motion presents sufficient facts to trigger consideration under Rule 60(b)(2) or (5).

Defendants argue that even if the injunction is dissolved, the bond funds should not be returned to Pacific. According to Defendants, due to an involuntary Chapter 7 bankruptcy any bond funds belong to the bankruptcy estate and not Pacific. This argument is rejected as moot because the Chapter 7 Petition was dismissed. (*See* Order Dismissing Contested Involuntary Petition, signed Sep. 29, 2009, U.S. Bankr. Ct. N. Dist. Cal. case no. 09-43135.)

Defendants also argue that even if the preliminary injunction is dissolved, the bond should remain in place until trial when it could be finally determined whether they were wrongfully enjoined. If they were, then they maintain they can execute on the bond and use it to compensate themselves for any damages caused by the preliminary injunction.

"Before a court may execute a bond, it must find the enjoined or restrained party was 'wrongfully enjoined or restrained.'" *Nintendo Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994); *see also Matek v. Murat*, 862 F.2d 720, 733 (9th Cir. 1988), *abrogated on other grounds, Holden v. Hagopian*, 978 F.2d 1115 (9th Cir. 1992). "[T]here is a rebuttable presumption that a wrongfully enjoined party is entitled to have the bond executed and recover provable damages up to the amount of the bond." *Nintendo*, 16 F.3d at 1036. However, even if wrongfully enjoined or restrained, the "party may not demand damages on the bond simply because the injunction was improperly granted. He must demonstrate injury as a consequence of the injunction." *Matek*, 862 F.2d at 733; *see also Nintendo*, 16 F.3d at 1038 (damages compensatory of the injury suffered because of the injunction). "[T]his standard provides an equitable means by which courts can decline to impose damages on the rare party

/ / / / /

who has lost a case on the merits but nevertheless should not suffer the execution of the preliminary injunction bond." *Nintendo*, 16 f.3d at 1037.

Defendants stipulated to the injunction based on the admissions they made in affidavits and open court. They therefore cannot argue that they were wrongfully enjoined. Furthermore, *assuming arguendo* that Pacific lost on the merits of its interference claim against Defendants, it would be inequitable to saddle it with the execution of a bond securing a preliminary injunction to which Defendants stipulated.

Based on the foregoing, Pacific's motion is **GRANTED**. The preliminary injunction issued on November 21, 2007 is **DISSOLVED** and the related bond is **EXONERATED**.

**IT IS SO ORDERED**.

DATED:  November 9, 2009

M. James Lorenz
United States District Court Judge